1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    BRYCE SHELTON,                          Case No. 25-cv-01546-AMO

8                    Plaintiff,

9         v.                                 ORDER DENYING EX PARTE
                                             APPLICATION FOR ORDER
10   NEWS NATION NETWORK PVT. LTD.,          AUTHORIZING ALTERNATIVE
                                             MEANS OF SERVICE
11                   Defendant.
                                             Re: Dkt. No. 14

12

13        Before the Court is Plaintiff Bryce Shelton's ex parte application ("Appl.") for the Court to

14   authorize alternative service via email on Defendant News Nation Network Pvt. Ltd. ("News

15   Nation"), which Shelton alleges is located in India. Having read his papers and carefully

16   considered his arguments and the relevant legal authority, the Court hereby **DENIES without**

17   **prejudice** the application for alternative service, for the following reasons.

18   **I.    BACKGROUND**

19        Shelton alleges that he is an extreme weather videographer who captured footage of a

20   tornado in Lincoln, Nebraska in 2024 (the "Subject Video"), and properly registered the footage

21   with the United States Copyright Office. Compl. (ECF 3) ¶ 11. Shelton alleges that News Nation

22   used the Subject Video in news segments on its website and YouTube channel without Shelton's

23   permission, infringing on Shelton's copyright over the Subject Video. Compl. ¶¶ 15-22. Shelton

24   further alleges that News Nation modified the Subject Video, created unlawful derivative works,

25   and removed any attribution to Shelton. *Id.*

26        After discovering his works on News Nation's website and YouTube channel, Shelton

27   filed a copyright removal request with YouTube, asking that the video with the allegedly

28   infringing material be taken down from the site. Doniger Decl., Ex. 4 (ECF 14-5) at 2. News

United States District Court
Northern District of California

1   Nation then filed a counter-notice, claiming its use of the copyrighted material constituted fair use

2   and listing a contact email, phone number, and physical address at the end.  *Id.* at 3.  Shelton

3   asserts that email is the form of communication News Nation lists on its Digital Millennium

4   Copyright Act ("DMCA") counter-notice for YouTube, and that he attempted to reach News

5   Nation via both the email listed therein and News Nation's grievance complaints email, attaching

6   copies of the complaint, summons, and a waiver of summons form.  Appl. (ECF 14) at 2.  Shelton

7   emailed News Nation on May 15, 2025, and he filed this Application on the same day.  *Id.*  News

8   Nation has not responded to either of Shelton's emails.

9   **II.     DISCUSSION**

10      Shelton seeks an order allowing for service by email as an alternative means of service

11  pursuant to Federal Rule of Civil Procedure 4(f)(3).  Rule 4(f)(3) empowers trial courts to

12  authorize service through a variety of methods, including email.  *Rio Props., Inc. v. Rio Intern.*

13  *Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  To comport with due process, the requested

14  method of service must be "reasonably calculated, under all circumstances, to apprise interested

15  parties" of the action against them, and "afford them an opportunity to present their objections."

16  *Id.* at 1017-18 (quotation marks and citation omitted).  A party seeking this authorization need not

17  exhaust all service alternatives but must still show that the "facts and circumstances" of the case

18  require the district court's intervention.  *Id.* at 1016.  Alternative service under Rule 4(f)(3) is

19  "merely one means among several" for effecting service on an international defendant – but the

20  advisory committee notes for the Federal Civil Rules of Procedure also state that a "special

21  method of service," such as email, may be most appropriate "in cases of urgency."  *Id.* at 1015

22  (internal quotes omitted).  To that end, service under Federal Rule of Civil Procedure 4(f)(3) must

23  be (1) "not prohibited by international agreement" and (2) "directed by the court."  *Rio*, 284 F.3d

24  at 1014.

25      Here, email service on News Nation is not prohibited by international agreement.  India is

26  a signatory to the Hague Convention, and while it objected to Article 10, which prohibits service

27  by postal channels, that objection does not prohibit email service.  *See* Appl. at 4 (citing *Microsoft*

28  *Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896, 2017 WL 4536417, at *4 (N.D. Cal.

1    Oct. 11, 2017) ("China's objection to Article 10 does not prohibit the email service the Court

2    ordered in the instant case."); *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D.

3    Cal. Mar. 27, 2012); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572, 2007 WL

4    1140639, at *2 (N.D. Cal. Apr. 17, 2007) (allowing email service of defendants located in

5    countries that objected to service via postal channels)).  Thus, the first *Rio* element is satisfied.

6         Next, the Court need consider whether email service is reasonably calculated to appraise

7    News Nation of the action against it.  *See Rio*, 284 F.3d at 1017-18.  Shelton argues that News

8    Nation runs an online business and lists email as its preferred method of communication in its

9    DMCA counter-notice on YouTube, inviting communication via email.  Appl. (ECF 14) at 5.

10   Shelton contends that News Nation's reliance on email creates a circumstance analogous to other

11   cases where courts authorized email service on foreign defendants because email service here

12   reasonably apprises News Nation of the lawsuit against it.  *Id.*  In support of his argument, Shelton

13   cites to *Rio*, where the court authorized email service to the defendant after the defendant "[strove]

14   to evade service of process" by declining service through its international courier and its United

15   States-based attorney.  *Rio*, 284 F.3d at 1016.  In *Rio*, the Ninth Circuit reasoned that email service

16   was proper because the defendant had listed no street address, office, or door – it had "structured

17   its business such that it could be contacted *only* via its email address."  *Id.* at 1017-18 (emphasis in

18   original).  The Ninth Circuit also addressed email's downside – parties cannot verify receipt of an

19   email, unlike certified mail and other traditional methods of service.  *Id.* at 1018.  Shelton also

20   directs the Court's attention to *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752 (N.D. Cal.

21   Mar. 27, 2012), where the defendants could not be served because they falsified their physical

22   addresses.  *Banana Ads*, 2012 WL 1038752 at *2.  Facebook's demonstration that those physical

23   addresses "proved unsuitable for service" was a significant part of the court's analysis in granting

24   Facebook its application to effect service via email.  *Id.*

25         Here, in contrast to *Rio*, News Nation has a street address and phone number, which are

26   listed in one of the exhibits Shelton attached to his application – there is no indication that News

27   Nation is unreachable except via email.  Doniger Decl., Ex. 4 (ECF 14-5) at 3.  Shelton's counsel

28   indicates that that the "email was not returned as undeliverable."  Doniger Decl. (ECF 14-1) at 2

United States District Court
Northern District of California

1    (internal quotation marks omitted).  That these emails did not bounce back as undeliverable is

2    insufficient for the Court to conclude that email is reasonably calculated to provide News Nation

3    notice that comports with due process.  The lack of a bounce back simply establishes that the

4    email addresses are valid, not that the inboxes are actively monitored or that anyone is

5    communicating from these emails.  Relatedly, Shelton falls short of establishing that the

6    particularities and necessities of the case demand authorization of email service when there appear

7    to be other valid avenues for service.  There is no indication that News Nation falsified any

8    information regarding its physical address or other contact information, or that News Nation has

9    attempted to evade service by more traditional channels.  *Cf. Banana Ads*, 2012 WL 1038752 at

10   *2.  Indeed, though other means are available, Shelton has not attempted to communicate in any

11   manner other than through the two emails he sent.  *See* ECF 1 and 14.  Moreover, Shelton also

12   filed this ex parte motion the same day he sent the emails – he did not permit even one day to pass

13   for News Nation to respond.

14       Shelton further argues that service via email is appropriate because the alternative form of

15   service, proceeding through the Hague Convention and India's Central Authority, could take

16   months or years.  Appl. (ECF 14) at 2.  However, Shelton has not clearly demonstrated any of the

17   irreparable harm or urgency presented in other cases where courts permitted service by email

18   instead of going through traditional Hague Convention channels.  *See, e.g.*, *WeWork Companies*

19   *Inc. v. WePlus (Shanghai) Tech. Co., Ltd.*, No. 18-cv-04543, 2019 WL 8810350, *1 (N.D. Cal.

20   Jan. 10, 2019) (finding that plaintiff would suffer "irreparable injury to its reputation and

21   goodwill" because of the confusion between its mark and that of the infringing mark the defendant

22   was using if the plaintiff were compelled to go through the time-consuming traditional means of

23   service through the Hague Convention); *Richmond Technologies, Inc. v. Aumfech Bus. Solutions*,

24   No. 11-cv-02460, 2011 WL 2607158, *13 (N.D. Cal. Jul. 1, 2011) (permitting service via email

25   where plaintiff evidenced it faced immediate harm to its goodwill and reputation absent swift

26   preliminary relief).  Here, the alleged infringement started over a year ago, and Shelton alleges no

27   facts suggesting urgency or irreparable harm that demands swift action.  *See* Compl.

28

United States District Court
Northern District of California

1    In sum, Shelton has not established that the circumstances of this case support service by

2    email to addresses that could be inactive, unmonitored, or otherwise unlikely to apprise the

3    Defendant of the action against it.  Indeed, the lack of a response thus far harms Shelton's

4    argument that formal service to these emails is "reasonably calculated to apprise defendants" of

5    this lawsuit because there is no evidence of activity from these emails.  *Rio*, 284 F.3d at 1016.

6    Additionally, without allegations of immediate, irreparable harm, and because Shelton brings no

7    other evidence of his efforts to reach the Defendant beyond two emails to two email addresses,

8    this Court is not inclined to authorize alternative service to the emails Shelton lists in his

9    application.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** Shelton's application to

serve News Nation via alternative means.


**IT IS SO ORDERED.**

Dated: August 15, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**